IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 13, 2001

## TERESA DEION SMITH HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Henry County**
**No. 13023      Julian P. Guinn, Judge**

---

**No. W2000-02611-CCA-R3-PC  - Filed August 3, 2001**

---

The petitioner was originally convicted by a Henry County jury of first degree felony murder and sentenced to life without the possibility of parole. The conviction was affirmed on direct appeal. The petitioner sought post-conviction relief, which was denied by the post-conviction court. In this appeal, the petitioner contends she is entitled to post-conviction relief based on (1) newly discovered evidence and (2) ineffective assistance of counsel. After a thorough review of the record, we conclude that the post-conviction court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and CORNELIA A. CLARK, Sp. J., joined.

Teresa McCaig Marshall, Paris, Tennessee, for the appellant, Teresa Deion Smith Harris.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts surrounding this July 1993 homicide are gruesome. The petitioner and her two male accomplices spent the day consuming various forms of alcohol, smoking marijuana, and taking Valium. Their vehicle eventually broke down, and they decided to stop and steal the next approaching vehicle. Petitioner flagged down the next vehicle, and the trio overcame the nineteen-year-old driver. The driver was kidnapped, beaten, shot, stabbed, murdered, and mutilated. The petitioner admitted to pressing the victim's excised heart to her lips and stabbing the victim's body once, but she otherwise denied participation in the mutilation. *See* State v. Harris, 989 S.W.2d 307, 309-11 (Tenn. 1999).

## I. NEWLY DISCOVERED EVIDENCE

At the post-conviction hearing, the petitioner offered an undated letter written to her from her accomplice, Walter Steve Smothers, which recanted the portion of his trial testimony that implicated the petitioner. However, at the post-conviction hearing, Smothers recanted the statements he made in the letter. He explained that the letter "served its purpose . . . to get a ride. I ain't ever getting out of prison. I figured if somebody knew this, I might get a chance to come to court, see the countryside."

The post-conviction court properly rejected the petitioner's "newly discovered evidence." Firstly, recanted testimony amounts to no more than a request to relitigate the sufficiency of the evidence at trial and is not a proper subject of post-conviction relief. Charles Haynes v. State, C.C.A. No. 01C01-9803-CC-00142, 1999 WL 126661, at *2 (Tenn. Crim. App. filed March 11, 1999, at Nashville), *perm. to app. denied* (Tenn. 1999) (citations omitted). Secondly, at the post-conviction hearing Smothers affirmed his trial testimony and denied the truth of the facts set forth in the letter. This issue is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts she received ineffective assistance of trial counsel due to their failure to object to an incomplete aggravating circumstance reported by the jury. After our examination of the record, we conclude petitioner is not entitled to relief on this issue.

### A. Standard of Review

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct

falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Burns, 6 S.W.3d at 461. Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. *Id*. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

## B. Analysis

At the conclusion of the sentencing hearing, the jury rejected the death penalty and imposed life without the possibility of parole. The verdict form revealed that the jury found two aggravating circumstances. The jury found that "[t]he murder was especially heinous and atrocious." *See* Tenn. Code Ann. § 39-13-204(i)(5). Also, the jury found that "[t]he murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution of the defendant or another." *See* Tenn. Code Ann. § 39-13-204(i)(6). The trial judge recognized the difference between language the jury wrote in finding the especially heinous aggravating circumstance and the statutory language, and the following colloquy occurred:

> THE COURT: I notice that where you set out the aggravating circumstance number one that you do not have the entire aggravating circumstance written out. Is there some reason?
>
> JURY FOREMAN: Well, we just
>
> THE COURT: Was it intended to be that you found the entire circumstance there?
>
> JURY FOREMAN: Well, just what I've got written out.
>
> THE COURT: You've written here that you found that the murder was especially heinous and atrocious.
>
> JURY FOREMAN: Yes, sir.

THE COURT: You have omitted that it was cruel, involved torture or serious physical abuse beyond that necessary to produce death. Is that what you intended for it to be?

JURY FOREMAN: Yes, sir.

THE COURT: All right, but then you have found that the second aggravating circumstance there in its entirety is correct.

JURY FOREMAN: Yes, sir.

THE COURT: Based upon that you fixed a sentence of life imprisonment without the possibility of parole. Have I read it correctly?

JURY FOREMAN: That's correct.

*See* Harris, 989 S.W.2d at 313-14.

At the post-conviction hearing, the petitioner's trial attorneys testified that they made a conscious tactical decision not to object to the incomplete aggravating circumstance. They testified that had they objected, the trial court would have simply sent the jury back to make a complete finding. Accordingly, they thought that raising the issue on direct appeal was the best course of action.

Tactical decisions by counsel are generally not proper subjects of post-conviction relief. Henley, 960 S.W.2d at 579. Regardless, we conclude the petitioner failed to prove prejudice. On direct appeal, the Supreme Court of Tennessee noted that the petitioner advanced no specific argument demonstrating that the jury grossly abused its discretion of imposing a sentence of life without the possibility of parole simply because the jury relied upon the incomplete aggravating circumstance. Harris, 989 S.W.2d at 317. We similarly conclude in this post-conviction matter that petitioner has failed to establish a reasonable probability that the sentence would have been any different had counsel objected and the jury redeliberated. *See*. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

## CONCLUSION

We conclude that (1) the petitioner's claim of newly discovered evidence fails, and (2) the petitioner has failed to demonstrate that she received ineffective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.[1]

_____
JOE G. RILEY, JUDGE

[1]The petitioner raised several other issues in the post-conviction court, including failure of the state to reveal prior to trial its complete plea agreement with co-defendant Smothers; failure of counsel to call co-defendant Ramsey as a witness at trial; failure of counsel to properly consult with petitioner; failure of counsel to properly consider petitioner's mental status at the time of the trial; and failure of counsel to make a closing argument during the penalty phase of the trial. We agree with the post-conviction court that petitioner failed to establish any entitlement to relief on these grounds.